United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARVIN JOSUE GOMEZ ROSALES, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-06400 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| RAYMOND THOMPSON, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Marvin Josue Gomez Rosales filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 6, 2026. Dkt 1. He admits to illegal entry at a prior date but nonetheless contends that his detention violates (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 9–25.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

As pertinent here, the Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent

petition that could have been raised in a prior petition or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider *prejudice* when a petitioner fails to show cause. Id at 118.

Petitioner's first *pro se* petition alleged that his detention should be considered under 8 USC §1226(a). See *Gomez Rosales v Thompson*, 4:26-cv-4411 (SD Tex) at Dkt 1. He contended that his ongoing detention under 8 USC §1225(b)(2)(A) was unlawful under the INA and had become sufficiently prolonged as to violate due process. Id at 14–22. That petition was dismissed with prejudice on July 22, 2026. Id at Dkts 9, 10.

Petitioner's new petition recognizes his detention under §1225(b) but maintains that it isn't reasonably related to its statutory purpose and has become prolonged. Id at 9–13. The petition, which was clearly prepared by someone other than Petitioner for use by multiple persons, includes arguments concerning the law applicable to legal permanent residents—which Petitioner is not. Id at 15–19. It also raises arguments concerning the construction of §1225(b) that have been specifically rejected by the

Supreme Court. See *Jennings v Rodriguez*, 583 US 281, 301–02 (2018) (rejecting argument that §1225(b) requires detention only until the start of removal proceedings). Dkt 1 at 19–24. Petitioner nevertheless contends that he is entitled to either release or, at minimum, a bond hearing. Id at 24–25.

These claims either were or could have been raised in the prior petition. Petitioner alleges no changed circumstances that would warrant reconsideration of his previously denied petition. Nor does he allege any facts demonstrating *cause* for not raising these new claims in his prior petition. The failure to show such cause requires dismissal of his current petition for abuse of the writ.

In so concluding, it is noted that while the lack of a showing of cause dispenses with the need to consider prejudice, the claims Petitioner raises have been previously rejected by the undersigned. For example, see

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention; see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

He thus can't show prejudice if his current claims aren't considered on their merits.

Having failed to allege facts showing either cause or prejudice, Petitioner isn't entitled to file a second petition. His petition will thus be dismissed with prejudice as an abuse of the writ.

The petition for writ of *habeas corpus* by Petitioner Marvin Josue Gomez Rosales is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on August 11, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge